[Civ. No. 4550. First Appellate District, Division Two.—May 28, 1923.]

## EMMA B. FREEMAN, Appellant, v. GEORGE J. WALLACE et al., Respondents.

[1] SALES—SALE OF AGENCY AND LEASE — RESCISSION — RESTORATION OF CONSIDERATION. — In this action for rent, the cross-complaint having shown that as parts of one transaction plaintiffs sold defendants a certain agency for handling plaintiff's line of wares, and also assigned to defendants the lease of the premises that had been occupied by plaintiff, that because of plaintiff's failure to obtain the owner's consent to the assignment defendants were obliged to vacate and abandon the premises and surrender the possession thereof to plaintiff, "together with all that was therein contained belonging to" plaintiff, "as well as surrendering to" plaintiff "every other thing or right accruing to them from" plaintiff, and that plaintiff "accepted the surrender" and "thereupon went into full possession of said premises and the use and occupation thereof, and resumed therein the conduct of the business," such allegations sufficiently showed the restoration of the consideration to plaintiff and were sufficient to support the cause of action against plaintiff for a rescission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Knight, Boland, Hutchinson & Christin for Appellant.

William J. Hayes for Respondents.

NOURSE, J.—Plaintiff sued in two causes of action, one for the recovery of four months' rent for the premises situated at 386 Sutter Street, San Francisco, the other for the recovery of $110 as moneys advanced by plaintiff for the account of defendants. The defendants answered that one month's rent had been paid and that they had been forced to vacate the premises because the plaintiff had no authority to assign to them the lease under which they occupied the premises. [1] They also filed a cross-complaint in which it was alleged that a contract of agency was executed by the same parties under which the defendants were authorized to sell on the premises certain personal property of the plaintiff during the term of the lease; that the defendants paid to the plaintiff $3,000 in cash under the contract and delivered to her their promissory notes in the sum of $2,000; that because of plaintiff's failure to secure the landlord's consent to the assignment of her lease to said premises, the defendants were compelled to and did vacate and abandon said premises and surrender the possession thereof to the plaintiff, "together with all that was therein contained belonging to said Emma B. Freeman, as well as surrendering to the said Emma B. Freeman every other thing or right accruing to them from the said Emma B. Freeman, and at the same time delivered to said Emma B. Freeman the keys to said premises, and the said Emma B. Freeman then and there accepted the surrender, aforesaid, and thereupon went into the full possession of said premises, and the use and occupation thereof, and resumed therein the conduct of the business that she had theretofore carried on therein, prior to the occupation of said premises by said cross-plaintiffs."

The trial court found in accordance with the allegations of the complaint, except that it found three months' rent to be due instead of four, as alleged. It also found the material allegations of the cross-complaint to be true. Upon these findings judgment was rendered in favor of the defendants for the return of the sum of $3,000, less the amount

of the rentals and the money advanced to the defendants, and for the cancellation of the promissory notes. The appeal is taken from the judgment upon a bill of exceptions.

The only grounds urged in support of the appeal are that the cross-complaint failed to state a cause of action because it did not allege an offer to restore the consideration to the appellant, and that the evidence is insufficient to support the finding that the respondents surrendered to the appellant "every other thing and right accruing to them."

It appears that three contracts were executed by these parties, the assignment of the lease of the premises, the sale of the agency for the handling of appellant's exclusive line of wares, and the agreement of appellant to consign to respondents these wares and of the respondents to purchase certain personal property and fixtures on the premises. It is alleged in the cross-complaint that these agreements were all a part of the same transaction and depended upon securing the landlord's consent to the assignment of the lease. It is further alleged that when the respondents surrendered to the appellant the possession of the premises they also surrendered "every other thing or right accruing to them." The failure of consideration, as well as the acceptance of the surrender, were also alleged and these were sufficient to support a cause of action for a rescission.

The evidence fully supports the finding that respondents surrendered to appellant every thing and right accruing to them. Furthermore, the answer to this allegation is merely a negative pregnant which did not put the matter in issue.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1923.